Joseph A. Creitz, Cal Bar No. 169552
Lisa S. Serebin, Cal Bar No. 146312
CREITZ & SEREBIN LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
415.466.3090 (tel)
415.513.4475 (fax)
joe@creitzserebin.com
lisa@creitzserebin.com

Attorneys for Plaintiffs
David Horan, Shawn Leo, and Navjeet Sarna

Creitz & Serebin LLP

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

DAVID HORAN, SHAWN LEO, and NAVJEET SARNA, individuals,

Plaintiff,

v.

GOAL STRUCTURED SOLUTIONS, INC. EMPLOYEE STOCK OWNERSHIP PLAN, an ERISA-regulated retirement benefit plan; KEN RUGGIERO and LISA COHEN, in their capacities as named Plan Administrators and fiduciaries of the Goal Structured Solutions, Inc., Employee Stock Ownership Plan; ARGENT TRUST COMPANY, a business entity of unknown form created under the laws of the state of Tennessee, in its capacities as named Trustee and fiduciary of the Goal Structured Solutions, Inc., Employee Stock Ownership Plan; and DOES 1-10 in their capacities as Directors of Goal Structured Solutions, Inc., the plan sponsor of the Goal Structured Solutions, Inc., Employee Stock Ownership Plan, and as fiduciaries of the Goal Structured

Case No.: '20CV2290 AJB MSB

COMPLAINT FOR BENEFITS, and DECLARATORY, INJUNCTIVE, AND OTHER EQUITABLE RELIEF FOR BREACHES OF FIDUCIARY DUTIES UNDER ERISA
[29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(3)]

Solutions, Inc., Employee Stock Ownership Plan,

Defendants.

Now come Plaintiffs David Horan, Shawn Leo, and Navjeet Sarna (collectively, "Plaintiffs"), who for their Complaint allege as follows:

INTRODUCTION

1. The Plaintiffs are former employees of Goal Structured Solutions, Inc., and were vested participants and beneficiaries of the Goal Structured Solutions, Inc., Employee Stock Ownership Plan Employee Stock Ownership Plan (the "ESOP" or the "Plan"). As fully vested ex-employees, under the terms of the Plan, they were entitled to the same rights and benefits as vested employees. In late 2019, each of them received an election to take an early cash distribution of the value of their ESOP shares, or to remain in the Plan. Nothing in the election documentation disclosed or suggested that any changes were being contemplated to the organization or terms of the Plan, the benefits available under the Plan, or the Plan's contemplated status as an ongoing ERISA-regulated benefit plan for the current and former employees of Goal Structured Solutions, Inc. ("GS2"). Each of the Plaintiffs elected to remain in the Plan.

2. Despite making timely elections to remain in the Plan, the Plan and its fiduciaries involuntarily terminated the Plaintiffs' participation in the Plan, distributed the value of their ESOP shares into forced individual IRA accounts created for them, and made involuntary investment decisions for the investment of the moneys distributed, all without consulting, let alone obtaining the consent or authorization, of the Plaintiffs.

3. Thereafter, Plaintiffs are informed and believe and thereon allege that the Plan and its sponsor made a substantial augmentation of benefits (or share split) for the remaining participants in the Plan, substantially increasing the value of those



Creitz & Serebin LLP

participants' vested ESOP shares, and then terminated the Plan and distributed its assets to the remaining participants. As a result, the Plan distributed far less money to the Plaintiffs than they would have received had the Plan honored the Plaintiff's elections to remain in the Plan.

4. Additionally, rather than simply sending the Plaintiffs checks for the value of their ESOP shares as of the date of distribution, Plaintiffs invested the involuntarily-distributed assets in instruments that lost significant value in the early months of the COVID-19 pandemic.

## SUBJECT MATTER JURISDICTION

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States and pursuant to 29 U.S.C. § 1132(e)(1), which provides for federal jurisdiction of actions brought under Title 1 of ERISA.

## PERSONAL JURISDICTION

6. This Court has personal jurisdiction over Defendants because the Plan and the individual Defendants residences and principal places of business is in this District, because Defendants transact business in and have significant contacts with this District, and because ERISA provides for nationwide service of process pursuant to ERISA, 29 U.S.C. § 1132(e)(2).

## VENUE

7. Venue is proper in this District pursuant to ERISA, 29 U.S.C. § 1132(e)(2), because the Plan is and was at the relevant times administered within this District, some or all of the events or omissions giving rise to the claims occurred in this District, and one or more of the Defendants may be found in this District. Venue is also proper under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving

Creitz & Serebin LLP

rise to the claims occurred in this District, and one or more of the Defendants reside in this District.

PARTIES

8. Plaintiff DAVID HORAN is an individual who resides in San Diego, San Diego County, California. He was at all relevant times a vested participant and beneficiary, as those terms are defined in ERISA, 29 U.S.C. § 1002(7)-(8), of the Plan.

9. Plaintiff SHAWN LEO is an individual who resides in San Diego, San Diego County, California. He was at all relevant times a vested participant and beneficiary, as those terms are defined in ERISA, 29 U.S.C. § 1002(7)-(8), of the Plan.

10. Plaintiff NAVJEET SARNA is an individual who resides in San Diego, San Diego County, California. He was at all relevant times a vested participant and beneficiary, as those terms are defined in ERISA, 29 U.S.C. § 1002(7)-(8), of the Plan.

11. Defendant GOAL STRUCTURED SOLUTIONS, INC. EMPLOYEE STOCK OWNERSHIP PLAN, is an Employee Pension Benefit Plan within the meaning of ERISA, 29 U.S.C. § 1002(2)(A), and Plan within the meaning of ERISA, 29 U.S.C. § 1002(3), and thus subject to all applicable provisions of Title I of ERISA. The Plan is an entity that can sue and be sued under ERISA, 29 U.S.C. § 1132(d), and is named as a defendant herein in order that complete relief can be granted. The Plan is administered in San Diego, San Diego County, California.

12. Defendant KEN RUGGIERO is one of two named Plan Administrators of the Goal Structured Solutions, Inc., Employee Stock Ownership Plan, at all times had discretion and control over the administration of the Plan and over the assets of the Plan. As a Plan Administrator under ERISA, 29 U.S.C. § 1002(16), he is a fiduciary within the meaning of ERISA, 29 U.S.C. § 1002(21). He works and resides in San Diego, San Diego County, California.

13. Defendant LISA COHEN is one of two named Plan Administrators of the Goal Structured Solutions, Inc., Employee Stock Ownership Plan, at all times had discretion and control over the administration of the Plan and over the assets of the Plan. As a Plan Administrator under ERISA, 29 U.S.C. § 1002(16), she is a fiduciary within the meaning of ERISA, 29 U.S.C. § 1002(21). She works and resides in San Diego, San Diego County, California. Defendants LISA COHEN and KEN RUGGIERO are referred to collectively herein as the "Plan Administrators."

14. Defendant ARGENT TRUST COMPANY ("ARGENT") is a business entity of unknown form created under the laws of the state of Tennessee, with its principal place of business in Nashville, Tennessee, offices around the country, and which has substantial contacts and conducts substantial business in the state of California, including but not limited to acting as the Trustee of the Plan. ARGENT is the named Trustee of the Plan, and a fiduciary within the meaning of ERISA, 29 U.S.C. § 1002(21).

15. Defendants DOES 1-10 are individuals who are sued under such fictitious names because, at this time, their true identities are not known to the Plaintiffs. DOES 1-10 served as members of the Board of Directors of GS2 at the times relevant to this Complaint. As such, under the provisions set forth in the documents and instruments and governing the Plan (the "Plan documents"), DOES 1-10 had discretion and control over the selection, appointment, supervision, and monitoring of the Plan Administrator(s) and the Plan's Trustee(s); supervisory authority to approve or reject any actions taken by the Plan Administrator(s) and/or the Plan's Trustee(s); and an ERISA fiduciary duty to monitor the conduct and performance of the other Plan fiduciaries. DOES 1-10 are fiduciaries of the Plan within the meaning of ERISA, 29 U.S.C. § 1002(21). Plaintiffs will amend this Complaint to allege the true and correct names and domiciles of DOES 1-10 as soon as practicable once their identities have been ascertained.

Creitz & Serebin LLP

FACTUAL ALLEGATIONS

16. Plaintiffs were formerly employees of GS2. GS2 is a student loan processing and securities company that was wholly owned by its ESOP. Plaintiffs were vested participants and beneficiaries of the ESOP, and under the terms of the ESOP Plan Document, had a right to maintain their vested ESOP shares after leaving employment with GS2.

17. In late 2019, the Plan sent each of the Plaintiffs an "Election Form," allowing them to elect either to receive a distribution of the dollar value of their ESOP shares; or to elect not to take a distribution benefits in the form of the dollar value of their ESOP shares, and thereby, to continue to participate in the Plan. None of the documentation provided with the Election Forms intimated that any amendments to the terms of the Plan, or termination of the Plan, were at that time under contemplation.

18. Plaintiffs timely and properly elected not to receive any distribution of their benefits, and therefore elected to remain invested in the Plan. In light of that election, no Plaintiff provided any direction to Defendants respecting any IRA or other rollover account, or otherwise, for the form and manner of any distribution.

19. Nonetheless, in 2019 the Plan and its fiduciaries distributed the purported dollar value of the Plaintiffs' ESOP shares, based on the share value provided in a stale 2018 appraisal, in violation of Plaintiffs' elections.

20. Without the consent of the Plaintiffs, the Plan and its fiduciaries opened rollover IRA investment accounts in the names of the Plaintiffs, and deposited the distributed assets to those accounts. The Plan and its fiduciaries made investment decisions for the distributed assets without obtaining direction from the Plaintiffs. The unauthorized opening of the accounts, and the investment choices made by the

Creitz & Serebin LLP

Defendants, breached the Defendants' fiduciary duties of loyalty and prudence and the fiduciary duty to act in accordance with the requirements of plan documents under ERISA, 29 U.S.C. § 1104(a)(1)(A), (B), and (D). As a result of the COVID-19 pandemic and other market forces, those investments suffered significant avoidable losses in value, losses proximately caused by the Defendants' breaches of their ERISA fiduciary duties described herein.

21. Section 13.1 of the ESOP Plan Document gives all ESOP participants a right to vote their ESOP shares in the event of any tender offer for the shares (*i.e.*, an offer to purchase or merge the company, Plan Sponsor GS2). No fiduciary or representative of the Plan ever, at any time, notified the Plaintiffs of any such tender offer or of any right to vote their shares on any matter whatsoever.

22. Plaintiffs are informed and believe and thereon allege that in early 2020, after their ESOP shares had been distributed to the Plaintiffs, the Plan was amended so as to award each remaining vested participant a multiple of such participants' ESOP shares, and that the ESOP was subsequently terminated. Plaintiffs are informed and believe thereon allege that all Defendants were aware of, and plans were underway to implement, these changes to the Plan already in late 2019 when the Plan Administrators mailed out election forms to the Plaintiffs. Such plans and amendments represent material information regarding Plaintiffs' retirement benefits and retirement planning that Defendants withheld from Plaintiffs. No fiduciary of the Plan ever disclosed that any such plans or Plan amendments were under contemplation.

23. As an alternative allegation, and to the extent that the Plan and its fiduciaries assert that they were acting pursuant to the provision of the Plan that allows ESOP share balances of former employees to be converted to cash, under prescribed circumstances, the defendants failed to follow the requirements of the plan in at least the following ways: (1) the cash conversion provisions of section 11.3 of the Plan are

permitted only when current employees have sufficient cash holdings in their ESOP accounts to reallocate the cash and exchange it for the shares of former employees; Plaintiffs are informed and believe and thereon allege that the active employees in December 2019 did not have sufficient cash in their ESOP accounts to convert the Plaintiffs' ESOP shares to cash; (2) the viability of the cash conversion provisions of section 11.3 of the Plan is the be determined at the Plan Year end, which is a defined term under the Plan, and the cash distributions made thereafter; but the cash distributions to the Plaintiffs occurred prior to the Plan's year end; (3) the cash conversion provisions of section 11.3 of the Plan are to be made based on an ESOP share priced determined by a "contemporaneous appraised fair market value of Company Stock;" but the cash distributions to the Plaintiffs in late 2019 were based on a stale 2018 appraisal. This conduct breached the Defendants' fiduciary duties of loyalty and prudence and the fiduciary duty to act in accordance with the requirements of plan documents under ERISA, 29 U.S.C. § 1104(a)(1)(A), (B), and (D).

Creitz & Serebin LLP

FIRST CAUSE OF ACTION

Benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B)

(Against the Plan and the Plan Administrators)

24. Plaintiffs incorporate and re-allege by reference each of the foregoing paragraphs as if fully set forth herein.

25. By committing the acts herein alleged, Defendants deprived Plaintiffs of benefits due to them under the terms of the Plan. Specifically, Plaintiffs were entitled to the same increase in ESOP share allotments received by Plan participants and beneficiaries whose ESOP accounts were still active at the time of the increase, and to the amount of money they would have received thereafter upon the termination of the Plan.

26. Plaintiffs have not administratively exhausted these claims for benefits because, they are informed and believe and thereon allege, the Plan has been terminated and therefore administrative exhaustion would be futile and is, therefore, excused. Moreover, no Plaintiff was never advised that they had any appeal rights arising from the determination to terminate their participation in the Plan and to distribute their benefits.

27. Wherefore, Plaintiffs pray for an award of benefits equal to the amount they would have received had their elections to remain invested in the Plan been honored.

SECOND CAUSE OF ACTION

Equitable Relief under ERISA, 29 U.S.C. § 1132(a)(3)

(Against All Defendants)

28. Plaintiffs incorporate and re-allege by reference each of the foregoing paragraphs as if fully set forth herein.

29. By committing and/or allowing the following conduct, Defendants breached their ERISA fiduciary duties to Plaintiffs:

- Failing to disclosure contemplated Plan amendments to the Plaintiffs;
- Failing to disclose contemplated termination of the Plan upon sale of GS2 to the Plaintiffs;
- Failing to allow the Plaintiffs the opportunity to vote on the termination of the Plan and/or the sale of GS2;
- Failing to honor Plaintiffs' elections to say in the Plan;
- Opening rollover IRA investment accounts for the distributed assets without Plaintiffs' consent or direction;



Creitz & Serebin LLP

Creitz & Serebin LLP

- Making investment decisions for Plaintiff's rollover IRA investment accounts without Plaintiff's consent or direction;
- Failing to monitor the conduct of the other Plan fiduciaries who engaged in and/or directed the foregoing conduct; or, alternatively,
- Effectuating the exchange of shares for cash contemplated by section 11.3 of the Plan document in a manner that that did not adhere to the terms and prescriptions of the Plan;

Defendants breached their fiduciary duties under ERISA, 29 U.S.C. § 1104.

30. In doing the things herein alleged, Defendants failed to act as required by ERISA, 29 U.S.C. § 1104(a)(1)(A), by failing to discharge their duties for the exclusive purpose of providing benefits to participants and beneficiaries, and defraying reasonable expenses of administering the Plan. Defendants have breached their ERISA fiduciary duty of loyalty under 29 U.S.C. § 1104(a)(1)(A).

31. In doing the things herein alleged, Defendants failed to act as required by 29 U.S.C. 1104(a)(1)(B), by failing to discharge their duties with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character with like aims. Defendants have breached their ERISA fiduciary duties of prudence under 29 U.S.C. § 1104(a)(1)(B).

32. In doing the things herein alleged, Defendants failed to act as required by 29 U.S.C. § 1104(a)(1)(D), by failing to discharge their duties in accordance with the documents and instruments governing the Plan, insofar as such documents and instruments are consistent with the applicable provisions of ERISA. Defendants have breached its ERISA fiduciary duty to operate the Plan consistent with the applicable requirements of ERISA under 29 U.S.C. § 1104(a)(1)(D).

33. Wherefore, Plaintiff prays relief as set forth hereinbelow.

PRAYER FOR RELIEF

Plaintiff prays judgment on the foregoing as set forth below:

A. A judicial determination that the Defendants breached their fiduciary duties under ERISA;

B. An award of benefits under ERISA against the Plan and the Plan administrator in the incremental additional amount that the Plaintiffs would have received had their elections to remain in the Plan been honored;

C. Appropriate equitable relief including but not limited to injunction, reformation, and surcharge to compensate Plaintiffs for all the economic injuries caused by Defendants conduct, pursuant to ERISA, 29 U.S.C. § 1132(a)(3);

D. Imposition of a constructive Trust over any liquid assets of the ESOP or ESOP benefits distributed to the named individual Defendants, up to the amounts due to the Plaintiffs;

E. An injunction to prevent future violations of ERISA;

F. An award of reasonable attorney's fees pursuant to ERISA, 29 U.S.C. § 1132(g); and

G. Such other and further relief as the Court may deem just.

Dated: November 24, 2020

CREITZ & SEREBIN LLP

By */s/ Joseph A. Creitz*
Joseph A. Creitz
Lisa S. Serebin
Attorneys for Plaintiffs
David Horan, Shawn Leo, and Navjeet Sarna



Creitz & Serebin LLP