Joseph A. Creitz, Cal Bar No. 169552
Lisa S. Serebin, Cal Bar No. 146312
CREITZ & SEREBIN LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
415.466.3090 (tel)
415.513.4475 (fax)
joe@creitzserebin.com
lisa@creitzserebin.com

Attorneys for Plaintiffs
David Horan, Shawn Leo, and Navjeet Sarna

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HORAN, SHAWN LEO, and NAVJEET SARNA, individuals,<br><br>Plaintiff,<br><br>v.<br><br>GOAL STRUCTURED SOLUTIONS, INC. EMPLOYEE STOCK OWNERSHIP PLAN, et al.,<br><br>Defendants. | Case No.: 20-cv-02290-AJB-MSB<br><br>PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS FILED BY DEFENDANT ARGENT TRUST COMPANY (Dkt. 20)<br><br>Complaint filed Nov. 24, 2020<br><br>*Date:*  June 24, 2021<br>*Time:*  2:00 PM<br>*Courtroom*: 4B<br><br>*Judge:* Hon. Anthony J. Battaglia |

*Horan, et al., v. Goal Structured Solutions, Inc., Employee Stock Ownership Plan, et al., 20-cv-02290-AJB-MSB*
PLAINTIFFS' OPP. TO MOTION TO DISMISS OF ARGENT TRUST COMPANY

0

TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................ii

INTRODUCTION .............................................................................................. 1

ARGUMENT .................................................................................................... 3

    A.    The Standard For Motions to Dismiss Under Rule 12
           Favors Plaintiffs .................................................................... 3

    B.    Plaintiffs Have Satisfied the Requisite Elements of Standing
           to Bring Their Suit Against Argent ...................................... 4

    C.    Argent Can Be Held Liable Even as a Directed Trustee ................ 5

    D.    Plaintiffs Have Properly Pled A Claim for Fiduciary Breach
           Against Argent That is Separate and Distinct From
           Plaintiffs' Claim for Benefits ............................................... 6

    E.    Plaintiffs Have Also Properly Pled Available
           Equitable Remedies .............................................................. 9

    F.    Under the Plan, Administrative Exhaustion Was Optional,
           Any Exhaustion Would Have Been Futile, and the Only
           Claim Stated Against Argent (Breach of Fiduciary Duty)
           Requires No Exhaustion as a Matter of Law ................................10

CONCLUSION ................................................................................................13

*Horan, et al. v. Goal Structured Solutions, Inc., Employee Stock Ownership Plan, et al., 20-cv-02290-AJB-MSB*
PLAINTIFFS' OPP. TO MOTION TO DISMISS OF ARGENT TRUST COMPANY

1

2

3

## TABLE OF AUTHORITIES

4

5

CONSTITUTION, STATUTES & RULES:

6

U.S. Constitution, Article III, § 2, cl. 1. ................................................................. 4

7

29 U.S.C. § 1002(21) ................................................................................................. 6

8

29 U.S.C. § 1104(a)(1)(A) ........................................................................................ 6

9

29 U.S.C. § 1104(a)(1)(B) ........................................................................................ 6

10

29 U.S.C. § 1104(a)(1)(D) ........................................................................................ 6

11

29 U.S.C. § 1105 ....................................................................................................... 6

12

29 U.S.C. § 1132(a)(1)(B) ........................................................................... 2, 6, 8, 10

13

29 U.S.C. § 1132(a)(3) ........................................................................................*passim*

14

15

Federal Rule of Civil Procedure 12(b) ..................................................................... 3

16

Federal Rule of Civil Procedure 15(a)(2) ........................................................... 3, 13

17

CASES:

18

19

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ........................................................................................... 4

20

21

*Beam v. HSBC Bank USA,* 02-CV-0682E(F),
    2003 WL 22087589 (W.D.N.Y. Aug. 19, 2003) ........................................... 5

22

23

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ....................................................................................... 3, 4

24

25

*Cook, Perkiss & Liehe, Inc. v. N. Cal Collection Serv., Inc.,*
    911 F.2d 242 (9th Cir. 1990) .......................................................................... 4

26

27

28

*Horan, et al. v. Goal Structured Solutions, Inc., Employee Stock Ownership Plan, et al., 20-cv-02290-AJB-MSB*
PLAINTIFFS' OPP. TO MOTION TO DISMISS OF ARGENT TRUST COMPANY

ii

**Creitz& Serebin LLP**

*Cyr v. Reliance Standard Life Ins. Co.*,
    642 F.3d 1202 (9th Cir. 2011) (en banc) ........................................................12

*Dolins v. Cont'l Cas. Co.,* No. 16 C 8898,
    2017 WL 3581143 (N.D. Ill. Aug. 18, 2017) ...................................................5

*Echague v. Metro. Life Ins. Co.,*
    43 F. Supp. 3d 994 (N.D. Cal. 2014) ...............................................................9

*Elbing v. Crawford and Company,* No. 16cv2951-L (KSC),
    2018 WL 1536717 (S.D. Cal. March 29, 2018) ...........................................11

*Foman v. Davis*,
    371 U.S. 178 (1962) ..........................................................................................4

*Gallegos v. Mt. Sinai,*
    210 F.3d 803 (7th Cir. 2000) ........................................................................11

*Greiff v. LINA*,
    386 F. Supp. 1111 (D. Ariz. 2019) ...............................................................11

*Horan v. Kaiser Steel Retirement Plan,*
    947 F.3d 1412 (9th Cir. 1991) ......................................................................12

*Hurtado v. Rainbow Disposal Co., v. Cont'l Cas. Co.,* No. 8:17-cv-01605-JLS-DFM,
    2018 WL 3372752 (C.D. Cal. July 9, 2018) ...................................................5

*Lazy Y Ranch Ltd. v. Behrens*,
    546 F.3d 580 (9th Cir. 2008) ..........................................................................3

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992) ..........................................................................................4

*MetLife v. Glenn*,
    554 U.S. 105 (2008) ........................................................................................12

*Moyle v. Liberty Mut. Ret. Benefit Plan,*
    823 F.3d 948 (9th Cir. 2016) ..........................................................................6

*Horan, et al. v. Goal Structured Solutions, Inc., Employee Stock Ownership Plan, et al., 20-cv-02290-AJB-MSB*
PLAINTIFFS' OPP. TO MOTION TO DISMISS OF ARGENT TRUST COMPANY

iii

*Moyle v. Liberty Mut. Ret. Benefit Plan,*
    263 F. Supp. 3d 999 (S.D. Cal. 2017) ............................................................... 9

*Mullin v. Scottsdale Healthcare Corp. Long Term Disability Plan,*
    No. CV-15-01547-PHX-DLR,
    2016 WL 107838 (D. Ariz. Jan. 11, 2016)........................................................ 8

*Papasan v. Allain,*
    478 U.S. 265 (1986) ........................................................................................... 3

*Reddy v. Litton Indus., Inc.,*
    912 F.2d 291 (9th Cir. 1990) ............................................................................ 4

*Retail Clerks Int'l Ass'n v. Schermerhorn,*
    373 U.S. 746 (1963) ........................................................................................... 4

*Skinner v. Northrup Grumman Ret. Plan B,*
    673 F.3d 1162 (9th Cir. 2012).......................................................................... 9

*Solis v. Webb,*
    931 F. Supp. 936 (N.D. Cal. 2012).................................................................. 6

*Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.,*
    770 F.3d 1282 (9th Cir. 2014), *cert. denied,* 577 U.S. 922 (2015)...10, 11, 12

*Spokeo, Inc. v. Robins,*
    136 S. Ct. 1540 (2016)...................................................................................... 4

OTHER AUTHORITIES:

DOL Field Assistance Bulletin 2004-03 ...................................................................... 5

*Horan, et al. v. Goal Structured Solutions, Inc., Employee Stock Ownership Plan, et al., 20-cv-02290-AJB-MSB*
PLAINTIFFS' OPP. TO MOTION TO DISMISS OF ARGENT TRUST COMPANY

Creitz&Serebin LLP

INTRODUCTION

Plaintiffs David Horan, Shawn Leo, and Navjeet Sarna (collectively, "Plaintiffs"), hereby oppose the Motion to Dismiss filed by Defendant Argent Trust Company ("Argent"). The salient allegations of Plaintiff's Complaint (Dkt. 1) are summarized below.

The Plaintiffs are three former employees of Goal Structured Solutions, Inc. ("GS2"). (Dkt. 1 ¶¶ 1, 8-10). GS2 is an investment firm that processes and securitizes student loans, and the business was wholly owned by its ERISA-regulated Employee Stock Ownership Plan ("ESOP," or the "Plan"). (Dkt. 1 ¶ 16). The Plaintiffs were all vested participants in the GS2 ESOP. (Dkt. 1 ¶¶ 1, 16). In 2019 the Plan offered them each an election form wherein they could opt to cash out their ESOP plan balances, or remain in the Plan – they all elected stay in the Plan, (*id.*), choosing to remain invested in GS2 stock through the ESOP. (Dkt. 1 ¶ 2). Nonetheless, the Plan and its ERISA fiduciaries (Defendants Lisa Cohen, Ken Ruggiero, and Argent Trust Company (*see* Dkt. 1 ¶¶ 12-14)) liquidated the Plaintiffs' ESOP shares and invested the proceeds in compulsory IRA accounts. (Dkt. 1 ¶¶ 2, 20).

The Plaintiffs are informed that shortly after their ESOP shares were involuntarily liquidated, GS2 modified the plan to award a share split to all remaining Plan participants, dramatically increasing the value of the remaining participants' holdings. (Dkt. 1 ¶¶ 3, 22). While the remaining participants saw their ESOP balances balloon, the Plaintiffs saw their former ESOP assets dwindle, as their involuntary IRA account balances cratered at the start of the Covid-19 pandemic. (Dkt. 1 ¶ 4). In addition to violating the Plaintiffs' elections by making distributions that they had declined to take, the amounts distributed to the Plaintiffs were depressed further because they were based upon a stale appraisal of GS2's value. (Dkt. 1 ¶ 19).

Plaintiffs concede that the ESOP Plan Document contains a provision, section 11.3, allowing for former employees' ESOP balances to be converted to cash,

Creitz&
Serebin LLP

1    (Dkt. 1 ¶ 23), but that provision is conditional: it can only be implemented when the

2    remaining employees have sufficient cash holdings in their accounts to reallocate to

3    the former employees, and Plaintiffs allege that condition was not satisfied. (*Id.*).

4    Moreover, the determination of whether that condition is satisfied is to be made at

5    Plan Year end – a defined term under the Plan that does not coincide with the timing

6    of the actual liquidation of Plaintiffs' ESOP accounts. And the cash due under that

7    provision of the ESOP's Plan Document is to be calculated based upon a

8    contemporaneous appraisal of GS2's market value – but instead the Plaintiffs'

9    distributions were calculated based upon a stale 2018 appraisal. (*Id.*).

10          Thus, the fiduciaries of the Plan either breached their fiduciary duties by

11    involuntarily liquidating the Plaintiffs' ESOP shares without their consent, or by

12    implementing section 11.3 of the Plan in violation of the other conditions and

13    requirements imposed upon Argent and the Plan Defendants by the Plan Documents.

14    (Dkt. 1 ¶ 24). And in either case, the decision to force the assets of the liquidation

15    into poorly-invested involuntary IRA accounts produced substantial avoidable

16    investment losses. (Dkt. 1 ¶ 20).

17          By doing these things, Plaintiffs allege, all the named fiduciary Defendants

18    (Plan Administrators Lisa Cohen and Ken Ruggiero, and Plan Trustee Argent Trust

19    Company) breached their fiduciary duties of prudence, loyalty, and to follow the

20    requirements of the ESOP Plan's governing documents. (Dkt. 1 ¶¶ 29-32). Plaintiffs

21    further allege that all three of these Defendants also breached their duty to monitor

22    one another in order to ensure that the Plan was administered in compliance with the

23    requirements of ERISA and of the ESOP's Plan Documents. (Dkt. 1 at 10:3-4).

24          Plaintiffs state two claims. First, Plaintiffs state a claim for benefits under

25    29 U.S.C. § 1132(a)(1)(B) against only the ESOP, and its named Plan Administrators,

26    Ken Ruggiero and Lisa Cohen. (Dkt. 1 ¶¶ 24-27). This claim seeks benefits due under

27    the terms of the Plan. (Dkt. 1 ¶ 33 B).

28    *Horan, et al., v. Goal Structured Solutions, Inc., Employee Stock Ownership Plan, et al., 20-cv-02290-AJB-MSB*
PLAINTIFFS' OPP. TO MOTION TO DISMISS OF ARGENT TRUST COMPANY

Creitz&
Serebin LLP

1    Second, Plaintiffs state a claim for breaches of fiduciary duty under 29 U.S.C.

2  § 1132(a)(3), including, *inter alia*, failing to allow Plaintiffs to vote on the sale of GS2,

3  failing to honor their elections to remain invested in the ESOP, failing to follow the

4  requirements of the Plan Documents, and failing to monitor one another to ensure

5  that all fiduciaries satisfied their ERISA fiduciary duties. (Dkt. 1 ¶¶ 28-33). As

6  remedies, this claim seeks declaratory relief, equitable reformation of the terms of the

7  Plan, injunctive relief, a surcharge, and the imposition of a constructive trust. (Dkt. 1

8  ¶¶ 33 A, C, D). The monetary components of these remedies include investment

9  losses on the involuntary IRA investments, and the moneys that should have been

10  paid to the Plaintiffs but were instead reallocated to Defendants Cohen and Ruggiero

11  and the other ESOP participants.

12    Argent's Motion to Dismiss is based upon misinterpretation of binding Ninth

13  Circuit authority, and a string of misconstructions and mischaracterizations of the

14  above-summarized allegations. The Motion is without merit and the Court should

15  deny it. However, to the extent the Court finds any merit in the Motion, Plaintiffs

16  request leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2).

17                              ARGUMENT

18  A.    The Standard for Motions to Dismiss Under Rule 12 Favors Plaintiffs.

19    When a Defendant files a motion to dismiss under Federal Rule of Civil

20  Procedure 12(b), the court's "inquiry is limited to the allegations in the complaint,

21  which are accepted as true and construed in the light most favorable to the plaintiff."

22  *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Although a complaint

23  containing merely "formulaic recitation of the elements of a cause of action will not

24  do," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*,

25  478 U.S. 265, 286 (1986)), a complaint should not be dismissed if the plaintiff can

26  allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550

27  U.S. at 570. A claim is plausible "when the plaintiff pleads factual content that allows

28  *Horan, et al., v. Goal Structured Solutions, Inc., Employee Stock Ownership Plan, et al., 20-cv-02290-AJB-MSB*
PLAINTIFFS' OPP. TO MOTION TO DISMISS OF ARGENT TRUST COMPANY

Creitz&
Serebin LLP

1 the court to draw the reasonable inference that the defendant is liable for the

2 misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550

3 U.S. at 556). In evaluating the allegations of a complaint, the plaintiff is entitled to the

4 benefit of all reasonable inferences to be drawn from their allegations. *Retail Clerks*

5 *Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). When courts grant motions to

6 dismiss, they should normally grant plaintiffs leave to amend, unless amendment

7 would plainly be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.

8 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47

9 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

10 B.    Plaintiffs Have Satisfied the Requisite Elements of Standing to Bring Their Suit

11        Against Argent.

12        Article III of the U.S. Constitution gives federal courts jurisdiction to hear

13 cases and controversies. U.S. Const. art. III, § 2, cl. 1. Plaintiffs must satisfy three

14 elements in order to establish standing under Article III: (1) an injury-in-fact, (2)

15 conduct plausibly traceable to the defendant; (3) the injury-in-fact must be redressable

16 by the lawsuit. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). An injury-in-fact

17 must be "concrete," meaning that it actually exists, but the concrete injury can be

18 either tangible or intangible. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016).

19        Argent does not appear to challenge the first or third elements of the *Lujan*

20 test, focusing instead upon whether Plaintiffs have adequately alleged "conduct

21 traceable to the defendant," also known as "causation." *See Lujan*, 504 U.S. at 560.

22 Contrary to Argent's assertion that Plaintiffs cannot establish conduct plausibly

23 traceable to Argent, causation is plainly alleged in the Complaint. The Complaint

24 alleges that Defendants, including Argent, breached their fiduciary duties to Plaintiffs

25 insofar as they failed to monitor the conduct of other Plan fiduciaries who engaged in

26 and/or directed conduct violation of ERISA; and insofar as they executed the

27 directions of other Plan fiduciaries that were in violation of ERISA and contrary to

28 *Horan, et al., v. Goal Structured Solutions, Inc., Employee Stock Ownership Plan, et al., 20-cv-02290-AJB-MSB*
PLAINTIFFS' OPP. TO MOTION TO DISMISS OF ARGENT TRUST COMPANY

4

Creitz&
Serebin LLP

1    the Plan document. (Dkt. 1, ¶ 29). Plaintiffs allege that they were harmed as a result of

2    Defendants' (including Argent) fiduciary breaches. (Dkt. 1, Prayer for Relief, ¶ 33 C).

3        Plaintiffs also allege that Argent, in breach of its ERISA fiduciary duties,

4    allowed Plaintiffs to be injured by the other Defendants' fiduciary misconduct,

5    wherefore Plaintiffs seek redress from Argent under 29 U.S.C. § 1132(a)(3). (Dkt. 1

6    ¶¶ 29, 33 A, 33 C). Plaintiffs have adequately alleged Argent's fiduciary breaches and

7    the harm to them therefrom. The court should deny Argent's motion.

8    C.    Argent Can Be Held Liable Even as a Directed Trustee.

9        Argent asserts that it is not a proper defendant to this suit because it was a

10   directed trustee, and "received no direction that it was required to countermand."

11   Dkt. 20-2. at 14:11-15. To the contrary, even directed Trustees must act prudently

12   under ERISA. *Hurtado v. Rainbow Disposal Co. v. Cont'l Cas. Co.,* No. 8:17-cv-01605-

13   JLS-DFM, 2018 WL 3372752, *12 (C.D. Cal. July 9, 2018) ("a 'directed trustee' is still

14   subject to the duty of prudence") (citing *Dolins v. Cont'l Cas. Co.,* No. 16 C 8898, 2017

15   WL 3581143, at *3 (N.D. Ill. Aug. 18, 2017) ("Under the duty of prudence, a directed

16   trustee can disobey the named fiduciary's directions when it is plain that they are

17   imprudent")). Moreover, if a directed trustee has knowledge of a fiduciary breach, it

18   must take reasonable steps to remedy the breach. DOL Field Assistance Bulletin

19   2004-03, https://www.dol.gov/agencies/ebsa/employers-and-

20   advisers/guidance/field-assistance-bulletins/2004-03 (last visited April 22, 2021). One

21   such remedy is "reporting the breach to other fiduciaries [or the DOL]." *Id.*; *see also*

22   *Beam v. HSBC Bank USA,* 02-CV-0682E(F), 2003 WL 22087589, *3 (W.D.N.Y. Aug.

23   19, 2003) (denying summary judgment as to the fiduciary liability of a directed

24   trustee). Finally, "ERISA's co-fiduciary liability section makes clear that, although

25   trustees may be subject to the direction of a named fiduciary…they are nonetheless

26   liable for their directed acts when such acts are not in accordance with a plan's

27

28   *Horan, et al., v. Goal Structured Solutions, Inc., Employee Stock Ownership Plan, et al., 20-cv-02290-AJB-MSB*
     PLAINTIFFS' OPP. TO MOTION TO DISMISS OF ARGENT TRUST COMPANY
     5

1  governing documents or are contrary to the terms of ERISA." *Solis v. Webb*, 931 F.

2  Supp. 2d 936, 950 (N.D. Cal. 2012); see also 29 U.S.C. § 1105.

3  Here, the Complaint alleges that Argent is the named Trustee of the Plan, and a

4  fiduciary within the meaning of ERISA, 29 U.S.C. § 1002(21). (Dkt. 1 ¶ 14). The

5  Complaint further alleges that Defendants (including Argent) (1) failed to monitor the

6  conduct of the other Plan fiduciaries who engaged in and/or directed conduct in

7  violation of ERISA and (2) effectuated the exchange of shares for cash contemplated

8  by section 11.3 of the Plan document in a manner that did not adhere to the terms

9  and prescriptions of the Plan, in violation of ERISA. (Dkt. 1 ¶ 29). The Complaint

10  alleges that in so doing, all Defendants breached their fiduciary duties of prudence,

11  loyalty, and to adhere to plan documents under ERISA, 29 U.S.C. §§ 1104(a)(1)(A),

12  (B), and (D). (Dkt. 1 ¶ 30-32).

13  Contrary to Argent's assertions in its motion to dismiss, the Complaint alleges

14  that Argent breached its ERISA fiduciary duties and caused harm to the Plaintiffs

15  thereby. The court should deny Argent's Motion.

16  D.    Plaintiffs Have Properly Pled a Claim for Fiduciary Breach Against Argent

17        That is Separate and Distinct From Plaintiffs' Claim for Benefits.

18  Argent falsely asserts that Plaintiffs' claims for breach of fiduciary duty are

19  "wholly duplicative" of their claim for benefits. (Dkt. 20-2 at 17:11-14). This assertion

20  is nonsense.

21  The Ninth Circuit explicitly permits ERISA plaintiffs to plead simultaneously

22  alternative causes of action under 29 U.S.C. §§ 1132(a)(1)(B) (benefits) and 29 U.S.C.

23  1132(a)(3) (breaches of fiduciary duty), and only prohibits double recovery at the time

24  of judgment. *Moyle v. Liberty Mut. Ret. Benefit Plan,* 823 F.3d 948, 960-61(9th Cir. 2016).

25  Here Plaintiffs' First Cause of Action seeks benefits under ERISA 29 U.S.C.

26  § 1132(a)(1)(B) (Dkt. 1 ¶ 24-27). Plaintiffs' Second Cause of Action seeks equitable

27  relief due to Defendants' breaches of fiduciary duty under ERISA, 29 U.S.C.

28  *Horan, et al., v. Goal Structured Solutions, Inc., Employee Stock Ownership Plan, et al., 20-cv-02290-AJB-MSB*
PLAINTIFFS' OPP. TO MOTION TO DISMISS OF ARGENT TRUST COMPANY
6

1    § 1132(a)(3) (Dkt. 1 ¶¶ 28-32) – a different set of remedies from the benefits sought

2    under their First Cause of Action. Plaintiffs' First Cause of Action seeks an award of

3    benefits equal to the amount they would have received had their elections to remain

4    invested in the Plan been honored. (Dkt. 1 ¶¶ 27, 33B). Plaintiffs' Second Cause of

5    Action seeks equitable relief to remedy to the harm to Plaintiffs as the result of

6    Defendants' fiduciary breaches by involuntarily liquidating Plaintiffs' ESOP accounts,

7    contrary to Plaintiffs' express request to maintain their ESOP accounts, and the

8    subsequent reinvestment of their liquidated accounts in unauthorized poor-

9    performing IRA accounts. (Dkt. 1 ¶¶ 18-20). Plaintiffs seek "appropriate equitable

10   relief, including but not limited to injunction, reformation, and surcharge to

11   compensate Plaintiffs for all the economic injuries caused by Defendants' conduct."

12   (Dkt. 1 ¶ 33C). Defendant incorrectly asserts in its Motion that "Plaintiffs seek the

13   same substantive relief in Count II as they do in Count I." To the contrary, the forms

14   of relief Plaintiffs seek relative to their two causes of action are completely different,

15   and fully permissible under Ninth Circuit law.

16        Paragraph 29 of Plaintiffs' complaint alleges conduct constituting breaches of

17   fiduciary duty that are entirely separate and distinct from their benefits claim:

- Failing to disclose contemplated Plan amendments to the Plaintiffs;
- Failing to disclose contemplated termination of the Plan upon sale of GS2 to the Plaintiffs;
- Failing to allow the Plaintiffs the opportunity to vote on the termination of the Plan and/or the sale of GS2;
- Failing to honor Plaintiffs' elections to stay in the Plan;
- Opening rollover IRA investment accounts for the distributed assets without Plaintiffs' consent or direction;
- Making investment decisions for Plaintiffs' rollover IRA investment accounts without Plaintiffs' consent or direction;
- Failing to monitor the conduct of the other Plan fiduciaries who engaged in and/or directed the foregoing conduct;

*Horan, et al., v. Goal Structured Solutions, Inc., Employee Stock Ownership Plan, et al., 20-cv-02290-AJB-MSB*
PLAINTIFFS' OPP. TO MOTION TO DISMISS OF ARGENT TRUST COMPANY

7

- Effectuating the exchange of shares for cash contemplated by section 11.3 of the Plan document in a manner that that did not adhere to the terms and prescriptions of the Plan.

(Dkt. 1 ¶ 29). In addition to disregarding plan terms in order to short-change Plaintiffs in the liquidation of their ESOP shares, additional losses flowed from these fiduciary breaches when Plaintiffs' ESOP account balances were improperly liquidated and reinvested in unauthorized poor-performing IRA accounts. (*See id.*)

These fiduciary breaches – including failing to follow the terms of the Plan (insofar as (a) the conversions of Plaintiffs' ESOP accounts were improper in December 2019 when the Plan did not have sufficient cash in their ESOP accounts to convert the shares; (b) the cash distributions were made prior to instead of after the Plan's year end; and (c) the cash distributions were made in late 2019 based on a stale 2018 appraisal), caused harm to Plaintiffs that is different than their claim for benefits under 29 U.S.C. § 1132(a)(1)(B). (*See* Prayer for Relief, Dkt. 1 ¶¶ 33 C-D (prayer for equitable relief for breaches of fiduciary duty); contrast ¶33 B (benefits)). And even if the alleged injury under both causes of action were the same (and it is not), Plaintiffs would still be permitted simultaneously to bring claims under both (a)(1)(B) and (a)(3). *Mullin v. Scottsdale Healthcare Corp. Long Term Disability Plan,* No. CV-15-01547-PHX-DLR, 2016 WL 107838 (D. Ariz. Jan. 11, 2016) ("Mullin's § 1132(a)(3) fiduciary misconduct claim is based on the same injury as her § 1132(a)(1)(B) claim for wrongfully denied benefits. However, the equitable relief she seeks is distinct from past due benefits, and she alleges that the available legal remedies are inadequate to make her whole. Accordingly, Mullin may pursue both claims…").

Plaintiffs have properly pled simultaneous causes of action under 29 U.S.C. § 1132(a)(1)(B) (benefits) and § 1132(a)(3) (breach of fiduciary duty), alleging different conduct, different injuries, and different remedies. Significantly, the benefits claim does not even name Argent as a defendant. The Court should deny Argent's Motion.

*Horan, et al., v. Goal Structured Solutions, Inc., Employee Stock Ownership Plan, et al., 20-cv-02290-AJB-MSB*
PLAINTIFFS' OPP. TO MOTION TO DISMISS OF ARGENT TRUST COMPANY

E.      Plaintiffs Have Also Properly Pled Available Equitable Remedies.

The Ninth Circuit has acknowledged that a claim for equitable relief due to a fiduciary's breach of their duties is a separate and distinguishable claim from a claim for benefits. Under ERISA, "the beneficiary can pursue the remedy that will put the beneficiary in the position he or she would have attained but for the trustee's breach." *Skinner v. Northrup Grumman Ret. Plan B*, 673 F.3d 1162, 1167 (9th Cir. 2012). "Make whole" monetary relief is available for breaches of fiduciary duty under 29 U.S.C. § 1132(a)(3). *Echague v. Metro. Life Ins. Co.,* 43 F. Supp. 3d 994, 1002; s*ee also Moyle v. Liberty Mut. Ret. Benefit Plan*, 263 F. Supp. 3d 999, 1028 (S.D. Cal. 2017) ("Under the doctrine of surcharge, '[e]quity courts possessed the power to provide relief in the form of monetary "compensation" for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment.'")

As discussed above, Argent resorts to sophistry when it falsely contends that the following two (very different) paragraphs of Plaintiffs' Prayer for Relief are seeking the exact same remedies:

- "An award of benefits under ERISA against the Plan and the Plan administrator in the incremental additional amount that the plaintiffs would have received had their elections to remain in the Plan been honored;"

[and]

- "Appropriate equitable relief including but not limited to injunction, reformation, and surcharge to compensate Plaintiffs for all the economic injuries caused by Defendants conduct, pursuant to ERISA, 29, U.S.C. § 1132(a)(3)."

(See Dkt. 20-2 at 17:15 – 18:1 (citing Dkt. 1 ¶¶ 33 B-C)). Like the Plan Defendants, Argent completely disregards the fact that the Plaintiffs have alleged, *inter alia*,

Creitz&
Serebin LLP

1  investment losses caused by fiduciary breaches of all Defendants, which are

2  recoverable as a surcharge, but certainly do not represent benefits. (Dkt. 1 ¶ 20).

3  Contrary to Argent's argument, Plaintiffs' Prayer for Relief seeks "appropriate

4  equitable relief, including but not limited to injunction, reformation, and surcharge to

5  compensate Plaintiffs for all the economic injuries caused by Defendants' conduct."

6  (Dkt. 1 ¶ 33 C). Argent does not dispute that reformation of plan terms and surcharge

7  are both appropriate equitable remedies available to Plaintiffs in this case, and it offers

8  no argument to explain how those remedies could possibly be identical to those

9  available pursuant to a claim for benefits due.

10  The equitable surcharge remedy, in the form of monetary compensation to

11  Plaintiffs for the losses caused by Defendants' fiduciary breaches under ERISA is

12  explicitly permitted, and the fact that Plaintiffs' relief may be in the form of monetary

13  compensation in no way vitiates Plaintiffs' claim to such relief. Moreover, ERISA

14  fiduciaries may be personally liable for such losses under ERISA, so the fact that the

15  assets of the Plan have been distributed is of no import here.

16  Plaintiffs have properly pled available equitable remedies. The Court should

17  deny Argent's Motion.

18  F.  <u>Under the Plan, Administrative Exhaustion Was Optional, any Exhaustion</u>

19  <u>Would Have Been Futile, and the Only Claim Stated Against Argent (Breach of</u>

20  <u>Fiduciary Duty) Requires No Exhaustion as a Matter of Law.</u>

21  Argent is not even named as a defendant to Plaintiffs' claim for benefits under

22  29 U.S.C. § 1132(a)(1)(B). (Dkt. 1 at 8:18). Therefore, Argent has no standing to

23  attack the first cause of action – whether for failure to exhaust, or for any other

24  reason. But in any event, exhaustion is optional, not mandatory, in the Ninth Circuit

25  in the absence of plan language imposing a mandate. *Spinedex Physical Therapy USA Inc.*

26  *v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1299 (9th Cir. 2014), *cert. denied*, 577

27  U.S. 922 (2015). In *Spinedex* the Ninth Circuit explicitly wrote "a claimant need not

28  *Horan, et al., v. Goal Structured Solutions, Inc., Employee Stock Ownership Plan, et al., 20-cv-02290-AJB-MSB*
PLAINTIFFS' OPP. TO MOTION TO DISMISS OF ARGENT TRUST COMPANY

Creitz&
Serebin LLP

1  exhaust when the plan does not require it." *Id.* (reversing a district court's summary

2  judgment where the court had not evaluated whether the language of certain plans

3  made exhaustion permissive, not mandatory).

4        In order to determine whether a plan requires exhaustion, courts look to

5  whether the plan governing document contains language which could "reasonably be

6  read as making optional the administrative appeals process." *See id.* at 1298-99; *see also*

7  *Gallegos v. Mt. Sinai,* 210 F.3d 803 (7th Cir. 2000) (plan language offering the right to

8  appeal does not create a requirement to appeal); *Greiff v. LINA,* 386 F. Supp. 3d 1111

9  (D. Ariz. July 2019) (denying a motion to dismiss that argued lack of exhaustion).

10        Another court in this district recognized that where a plan's administrative

11  appeal language provided that plan participants "may" pursue an administrative

12  appeal, the plan imposed no mandate. *Elbing v. Crawford and Company*, No. 16cv2951-

13  L(KSC), 2018 WL 1536717, *2 (S.D. Cal. March 29, 2018) ("The unqualified use of

14  the word 'may' can reasonably lead one to read the provision as optional"). Under

15  such circumstances, the failure to exhaust administrative remedies was no bar to suit.

16  *Id.* at *3 (citing *Spinedex*, 770 F.3d at 1298). Because the plan in *Elbing* used the word

17  "may" (as opposed to "shall" or "must"), the court denied the defendant's motion to

18  dismiss for failure to exhaust. *Id.* at *2-*3.

19        Here, the operative plan language, like the plan in *Elbing*, is permissive, not

20  mandatory: "[if you have an issue regarding benefits] you ***may*** request a formal review

21  of the situation in writing." (*See* Dkt. 19-1 at 8:10-15 (quoting Dkt. 19-3, Exh A,

22  § 17.9) (emphasis added)). This language makes administrative review optional, and

23  failure to request such a review therefore creates no bar to suit. *See Elbing*, 2018 WL

24  1536717 at *2-*3.

25        Even if the Plan imposed a mandatory exhaustion requirement, the Plan

26  Defendants have established that Plaintiffs' allegations of futility are correct. The Plan

27  Defendants effectively conceded that exhaustion would have been futile because, they

28  *Horan, et al., v. Goal Structured Solutions, Inc., Employee Stock Ownership Plan, et al., 20-cv-02290-AJB-MSB*
PLAINTIFFS' OPP. TO MOTION TO DISMISS OF ARGENT TRUST COMPANY

Creitz&
Serebin LLP

1  assert, the plan documents do not allow for the benefits claim as a matter of law.

2  (Dkt. 19-1 at 8 ("Even if Plaintiffs had properly exhausted their administrative

3  remedies, their claims should still be dismissed because the Plan terms foreclose

4  Plaintiffs' claim for benefits.")). Under such circumstances, the Ninth Circuit has held

5  that administrative exhaustion is not required. *See, e.g.*, *Horan v. Kaiser Steel Retirement*

6  *Plan*, 947 F.3d 1412, 1416 (9th Cir. 1991) (where defendant argues in briefing that

7  plan terms foreclose benefits, administrative exhaustion is waived), overruled *sub*

8  *silentio* on unrelated grounds by *MetLife v. Glenn*, 554 U.S. 105 (2008) (prescribing

9  standard of review for conflicted administrators).

10        Argent acknowledges the existence of *Spinedex*, (Dkt. 20-2 at 16:9-15), but cites

11  it only for its proper party analysis, wherein the Ninth Circuit recognized that any

12  fiduciary or claims administrator is a proper party to an ERISA claim for benefits

13  under 29 U.S.C. § 1132(a)(1)(B). *Spinedex*, 770 F.3d at 1297-98 (citing *Cyr v. Reliance*

14  *Standard Life Ins. Co.*, 642 F.3d 1202 (9th Cir. 2011) (en banc)). But again, Argent is not

15  named as a defendant to Plaintiffs' claims for benefits, wherefore Argent's analysis is

16  inapposite.

17        The only claims stated against Argent, the Plan's fiduciary Trustee, are statutory

18  breach of fiduciary duty claims. (Dkt. 1 at 9:13). And of course, in the Ninth Circuit

19  there is never any administrative exhaustion requirement for breach of fiduciary duty

20  claims. *Spinedex*, 770 F.3d at 1294. The Court should deny Argent's Motion to

21  Dismiss.

22

23

24

25

26

27

28  *Horan, et al., v. Goal Structured Solutions, Inc., Employee Stock Ownership Plan, et al., 20-cv-02290-AJB-MSB*
PLAINTIFFS' OPP. TO MOTION TO DISMISS OF ARGENT TRUST COMPANY

Creitz&
Serebin LLP

1    CONCLUSION

2        For the foregoing reasons, Plaintiffs respectfully request that the Court deny

3    Argent's Motion to Dismiss (Dkt. 20). However, to the extent that the Court finds

4    any merit in Argent's arguments, Plaintiffs request that they be granted leave to

5    amend pursuant to Federal Rule of Civil Procedure 15(a)(2).

6        Respectfully Submitted.

7    Dated: April 23, 2020

                                          CREITZ & SEREBIN LLP
8

9                                         By  /s/ Joseph A. Creitz
                                              Joseph A. Creitz
10                                            Lisa S. Serebin
11                                        Attorneys for Plaintiffs
                                          David Horan, Shawn Leo, and Darveet Sarna
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  *Horan, et al., v. Goal Structured Solutions, Inc., Employee Stock Ownership Plan, et al., 20-cv-02290-AJB-MSB*
    PLAINTIFFS' OPP. TO MOTION TO DISMISS OF ARGENT TRUST COMPANY
    13